UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NORMA SUAZO ORTIZ,

                    Petitioner,

v.

KEVIN RAYCRAFT et al.,

                    Respondents.

_____/

Case No. 1:26-cv-1553

Honorable Robert J. Jonker

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an order entered on May 12, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on May 14, 2026. (ECF No. 6.)

## II.    Factual Background

Petitioner is a native and citizen of Honduras. (Notice to Appear (NTA), ECF No. 6-1, PageID.26.) Petitioner entered the United States on or about June 14, 2019, at an unknown location without inspection. (*Id.*) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner, and thereafter, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (*Id.*; 2019 Form I-213, ECF No. 6-2, PageID.30.) DHS then released Petitioner into the United States on her own recognizance. (Resp., ECF No. 6, PageID.20.)

On October 28, 2025, Petitioner was arrested by ICE. (2025 Form I-213, ECF No. 6-3, PageID.34–35.) On May 11, 2026, the Detroit Immigration Court entered a joint stipulated request for removal and waiver of hearing filed by the parties and ordered that Petitioner be removed to Honduras. (Order Immigration Judge, ECF No. 6-4, PageID.37–38.) The order also noted that both parties had waived the right to appeal that order. (*Id.*, PageID.37.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV.     Merits Discussion**

Respondents present evidence that indicates Petitioner received an order of removal to Honduras on May 11, 2026, and that Petitioner waived the right to appeal that order to the Board of Immigration Appeals (BIA). (Order Immigration Judge, ECF No. 6-4, PageID.37.) Respondents argue that Petitioner is subject to an administratively final order of removal and that she is properly detained pursuant to 8 U.S.C. § 1231.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). "The removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *Id.* § 1231(a)(1)(B)(i)–(iii). An order of removal "shall become final upon the earlier of . . . a determination by the Board of Immigration Appeals affirming such order; or . . . the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B)(i)–(ii).

Here, as noted above, Petitioner received an order of removal on May 11, 2026, and Petitioner waived her right to appeal that order to the BIA. (Order Immigration Judge, ECF No. 6-4, PageID.37.) Therefore, Petitioner's order of removal became final when it was entered on May 11, 2026. *See* 8 U.S.C. § 1101(a)(47)(B)(i)–(ii). Furthermore, there is no indication in the record before the Court that Petitioner's removal order is the subject of judicial review, *see id.*

3

§ 1231(a)(1)(B)(ii), or that Petitioner was detained or confined for any reason other than under an immigration process after May 11, 2026, *see id*. § 1231(a)(1)(B)(iii). Therefore, Petitioner's removal period began on May 11, 2026. *See id*. § 1231(a)(1)(B). Because the 90-day removal period has not expired, at this time, Petitioner is properly detained pursuant to § 1231(a).

### Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    June 2, 2026                        /s/ Robert J. Jonker
                                              Robert J. Jonker
                                              United States District Judge

4